UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GENEVA G. BRABHAM,

                              Plaintiff,

             v.                                       6:15-CV-0079
                                                          (MAD/TWD)
ST. LUKE'S HOME RESIDENTIAL, LISA VOLK,
KATHRYN MOLINARE, CHIEF CHRISTOPHER
KILMARTIN, OFFICER GATENO, INVESTIGATOR
SICA, GENE ORCOTT,

                              Defendants.
_____

APPEARANCES

GENEVA G. BRABHAM
Plaintiff pro se
P.O. Box 8362
Utica, NY 13505

THÉRÈSE WILEY DANCKS, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

Presently before the Court is a pro se complaint and application to proceed *in forma pauperis* filed by Plaintiff Geneva G. Brabham. (Dkt. Nos. 1 and 2.) Generally, Plaintiff alleges that she was discriminated against because of her race or color. (Dkt. No. 1.) For the reasons discussed below, I recommend that the Court dismiss the claims against the individual Defendants without leave to amend and dismiss the claim against St. Luke's Home Residential with leave to amend.

## I.    APPLICATION TO PROCEED *IN FORMA PAUPERIS*

Plaintiff has applied to proceed *in forma pauperis*. (Dkt. No. 2.) A court may grant *in forma pauperis* status if a party "is unable to pay " the standard fee for commencing an action. 28 U.S.C. § 1915(a)(1) (2006). After reviewing Plaintiff's *in forma pauperis* application (Dkt. No. 2), I find that

Plaintiff meets this standard. Therefore, Plaintiff's application to proceed *in forma pauperis* is granted.[1]

## II. SCREENING OF THE COMPLAINT

### A. Applicable Legal Standard

28 U.S.C. § 1915(e) (2006) directs that when "any person" proceeds *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In order to state a claim upon which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (emphasis added). "Determining whether a complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not shown--that the pleader is entitled to relief." *Id.* at 679 (internal citation and punctuation omitted).

"In reviewing a complaint . . . the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). Courts are "obligated to construe a pro se complaint

---

[1] Plaintiff should note that although the application to proceed *in forma pauperis* has been granted, Plaintiff will still be required to pay fees that she may incur in this action, including copying and/or witness fees.

liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

When screening a complaint, the court has the duty to show liberality towards pro se litigants. *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam). "[E]xtreme caution should be exercised in ordering sua sponte dismissal of a pro se complaint before the adverse party has been served and [the] parties have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983).

**B.      Allegations of the Complaint**

Plaintiff brings this federal action under Title VII of the Civil Rights Act of 1964, as amended, codified at 42 U.S.C. § 2000e *et seq.*, and the Civil Rights Act of 1991. (Dkt. No. 1 at 2.) She alleges that she was subjected to unequal terms and conditions of employment because of her race or color. *Id.* Specifically, she alleges that "[t]he procedure and process stated in the employee handbook wasn't granted." *Id.*

Plaintiff alleges that on the morning of April 4, 2014, non-defendant Ms. Malinowski reported to Defendant Kathryn Molinare that she had seen Plaintiff "wearing her ring . . . and did not know how to proceed." (Dkt. No. 1 at 5.) Ms. Malinowski stated that she would not press charges if she could get the ring back. *Id.* Defendant Molinare reported the conversation to Defendant Gene Orcott, a Nurse Supervisor, who immediately contacted Defendant Executive Director Lisa Volk. *Id.* Defendant Volk contacted Defendant Security Chief Christopher Kilmartin. *Id.* The Security Department contacted the New Hartford Police Department. *Id.* Defendant Investigator Sica of the New Hartford Police

Department and another officer reported to St. Luke's Home, met with Defendant Security Officer Gateno, and then asked to speak to Plaintiff. *Id.* The complaint does not describe what happened after that. It is not clear whether Plaintiff was criminally charged or whether her employment was affected either through formal discipline or termination.

Plaintiff states that the police department was called in "before the procedure of the Employee handbook/rule book fully handle." (Dkt. No. 1 at 4.) Plaintiff states that another employee was treated differently. *Id.* The complaint does not specify Plaintiff's race or any details about the other employee.

Plaintiff states that as a result of these events she experiences depression and anxiety because "the company that I serve[d] more than ten years" treated her this way with "no apology, no worker compensation." (Dkt. No. 1 at 6.) Plaintiff requests three million dollars in compensatory damages, two million dollars for pain and suffering, and an order directing St. Luke's to initiate a program "to combat mistreatment of other minority workers." *Id.* at 7.

The Equal Employment Opportunity Commission issued a right to sue letter on November 7, 2014. (Dkt. No. 1 at 8.) Plaintiff signed her complaint on January 21, 2015. *Id.* at 7. It was filed on January 22, 2015.

**C.  Analysis**

    1.    <u>Claims Against Individual Defendants</u>

Plaintiff, proceeding under Title VII, has sued six individuals. (Dkt. No. 1 at 2, 3.) It is well settled that individuals are not subject to liability under Title VII. *Patterson v. Cnty. of Oneida*, 375 F.3d 206, 221 (2d Cir. 2004); *Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000); *Garibaldi v. Anixter, Inc.*, 407 F. Supp. 2d 449, 451 (W.D.N.Y. 2006). Therefore, I recommend that the Court dismiss the claims against Defendants Volk, Molinare, Kilmartin, Gateno, Sica, and Orcutt.

-4-

Where a pro se complaint fails to state a cause of action, the court generally "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation and citation omitted). However, an opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Id.* Here, better pleading could not cure the defect with Plaintiff's Title VII claims against the individual Defendants. Therefore, I recommend that the Court dismiss these claims without leave to amend.

2.  Claim Against St. Luke's Home Residential

In addition to naming six individuals as Defendants, Plaintiff has sued St. Luke's Home Residential under Title VII. (Dkt. No. 1 at 1.) Title VII provides that "[i]t shall be an unlawful employment practice for an employer . . . to . . . discriminate against any individual with respect to his . . . terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a) (2006). A plaintiff asserting a claim under Title VII may establish a prima facie case by showing that (1) he or she belonged to a protected class; (2) he or she was qualified for the position held; (3) an adverse employment action occurred; and (4) the adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent. *Feingold v. New York*, 366 F.3d 138, 152 (2d Cir. 2004). Here, Plaintiff has not alleged facts plausibly suggesting her membership in a protected class or that the alleged adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent. The complaint does not specify Plaintiff's race or color, the race or color of the other employee who was allegedly treated differently, or any other facts plausibly suggesting discrimination on the basis of race. Therefore, I

recommend that the Court dismiss the Title VII claim against St. Luke's Home Residential with leave to amend.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**; and it is further

**RECOMMENDED** that the Court dismiss the claims against Defendants Volk, Molinare, Kilmartin, Gateno, Sica, and Orcutt without leave to amend; and it is further

**RECOMMENDED** that the Court dismiss the claim against St. Luke's Home Residential with leave to amend; and it is further

**ORDERED** that the Clerk serve a copy of this Order and Report-Recommendation on Plaintiff.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW</u>**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 72.

Dated: April 28, 2015
       Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge