**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**GENEVA G. BRABHAM,**

                              **Plaintiff,**

    vs.                                               **6:15-CV-00079
                                                           (MAD/TWD)**

**ST. LUKE'S HOME RESIDENTIAL,**

                              **Defendant.**
_____

**APPEARANCES:**                                  **OF COUNSEL:**

**GENEVA G. BRABHAM**
P.O. Box 8362
Utica, New York 13505
Plaintiff *Pro Se*

**BOND, SCHOENECK & KING, PLLC**       **SUBHASH VISWANATHAN, ESQ.**
One Lincoln Center
Syracuse, New York 13202
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

     On January 22, 2015, Plaintiff commenced this civil rights action, alleging Defendants violated her rights under Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991. *See* Dkt. No. 1 at 2. Plaintiff also states a claim for breach of contract under New York State contract law. *See* Dkt. No. 1 at 4. Plaintiff submitted an application to proceed *in forma pauperis* ("IFP"). *See* Dkt. Nos. 1, 2.

     Currently before the Court is Defendant's unopposed motion to dismiss Plaintiff's amended complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(6). *See* Dkt. No. 15.

### II. BACKGROUND

In her original complaint,[1] Plaintiff alleges that Defendant violated her rights under Title VII of the Civil Rights Act of 1964, as amended, codified at 42 U.S.C. § 2000e *et seq.*, and the Civil Rights Act of 1991. *See* Dkt. No. 1 at 2. Plaintiff also brought a claim for breach of contract, alleging Defendant breached their employment contract by failing to follow the procedures set forth in the employee handbook while investigating Plaintiff. *See* Dkt. No. 1 at 4; Dkt. No. 8 at 2-4.

On April 28, 2015, Magistrate Judge Dancks' issued an Order and Report-Recommendation recommending that the Court dismiss with prejudice the claims against Defendants Volk, Molinare, Kilmartin, Gateno, Sica, and Orcutt, and dismiss without prejudice the claim against St. Luke's Home Residential. *See* Dkt. No. 4 at 6. On July 29, 2015, this Court adopted Magistrate Judge Dancks' April 28, 2015 Order and Report-Recommendation. *See* Dkt. No. 6. Plaintiff was allowed thirty days to amend her complaint to state a claim against St. Luke's Home Residential. *See id.* at 3. On August 27, 2015, Plaintiff filed an amended complaint against St. Luke's Home Residential. *See* Dkt. No. 8.

In her amended complaint, Plaintiff alleges that, on the morning of April 4, 2014, she was "ordered to go into a room," without being provided a reason by Nurse Supervisor Gene Orcutt ("Nurse Orcutt"). Dkt. No. 8 at 1. Already in the room were Social Worker Intern Kathryn

---

[1] Although Plaintiff's amended complaint failed to restate her causes of action, "[a] document filed *pro se* is to be liberally construed, . . . and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafter by lawyers." *Erichson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation and citation omitted). "In keeping with these precepts, although Rule 12(b)(6) generally restricts a court's consideration to the four corners of the complaint, *pro se* pleadings may be read together to determine whether a plaintiff conceivably could be entitled to relief." *Sathainathan v. Smith Barney, Inc.*, No. 04-CIV-7122, 2006 WL 538152, *13 (S.D.N.Y. Feb. 24, 2006) (collecting cases). In this case, liberal construction requires reading Plaintiff's original and amended complaints together.

Molinare ("Ms. Molinare"), hospital Security Chief Christopher Kilmartin ("Security Chief Kilmartin"), hospital Security Officer Gateno ("Security Officer Gateno"), and New Hartford Police Investigator Sica ("Investigator Sica"). *See id*. Plaintiff was then asked "to show the ring on her finger." *Id*.

Earlier that same morning, a patient, Marianne Malinowski ("Ms. Malinowski"), reported to Ms. Molinare that she saw a Certified Nurse Assistant ("CNA") "wearing [Ms. Malinowski's] ring that morning." Dkt. No. 1 at 5. Although hesitant at first to provide the name of the CNA, Ms. Malinowski eventually identified Plaintiff as the CNA who she believed was wearing her ring. *See id*. Ms. Malinowski indicated that "she would not press charges if she could get the ring back." *Id.* Ms. Molinare reported the conversation to Nurse Orcutt, who immediately contacted Executive Director Lisa Volk ("Executive Director Volk"), who in turn contacted Security Chief Kilmartin. *Id*. The St. Luke's Home Residential Security Department contacted the New Hartford Police Department who dispatched Investigator Sica and another officer to St. Luke's Home Residential. *Id.*

Upon seeing Plaintiff's ring, the "[o]fficer state[d] that this is not the ring missing and the plaintiff is free to go." Dkt. No. 8 at 1. Plaintiff was not charged with a crime. *See id*. Both Plaintiff's original complaint and her amended complaint fail to allege adverse employment actions taken by Defendant after Plaintiff was interviewed by the New Hartford Police investigators. *See* Dkt. Nos. 1, 8.

Plaintiff alleges that the police department was called in "before the procedure of the Employee handbook/rule book [was] fully handle[d]." Dkt. No. 1 at 4. Plaintiff identifies herself as of African American descent in her amended complaint. *See* Dkt. No. 8 at 4. Plaintiff alleges that as a result of these events she has experienced depression and anxiety because "the company

3

that I serve[d] more than ten years" treated her this way with "no written or verbal apology," "no monetary compensation - no disability, no worker compensation, no benefit." Dkt. No. 1 at 6; Dkt. No. 8 at 4. Plaintiff seeks three million dollars in compensatory damages, two million dollars for pain and suffering, and an order directing St. Luke's to initiate a program "to combat mistreatment of other minorities." Dkt. No. 1 at 6.

The Equal Employment Opportunity Commission ("EEOC") issued a Dismissal and Notice of Rights[2] dated November 7, 2014, adopting the findings of the New York State Division of Human Rights ("NYSDHR"). *See* Dkt. No. 1 at 8; Dkt. No. 15-2 at 15. The EEOC Dismissal and Notice of Rights grants Plaintiff the right to sue Defendant in federal or state court within 90 days of receipt of the notice. *See* Dkt. No. 1 at 8.

The NYSDHR letter, adopted by the EEOC, states that, "there was no adverse employment action taken against Complainant by Respondent." Dkt. No. 15-1 at 15. Additionally, the NYSDHR letter found that there were "no similarly situated employees of a different race/color identified who were treated differently," therefore there was no evidence to support Plaintiff's allegation that she was "denied equal terms, conditions and privileges of employment because of her race/color."[3] Dkt. 15-1 at 15.

---

[2] "'Timely filing of a charge of discrimination with the EEOC is a prerequisite to filing a Title VII complaint in federal court.'" *Pitts v. Onondaga Cty. Sheriff's Dep't*, No. 5:04-CV-0828, 2009 WL 3165551, *6 (N.D.N.Y. Sept. 29, 2009) (quoting *Klein v. New York University*, No. 07-CV-0160, 2008 WL 3843514, at *2 (S.D.N.Y. Aug. 14, 2008) (citing 42 U.S.C. § 2000e-5[b])).

[3] "[T]he Second Circuit has held that the findings of an administrative agency [such as the EEOC] resulting from an investigation made pursuant to authority granted by law are generally admissible under the 'public records' exception to the hearsay rule, 'unless the sources of information or other circumstances indicate lack of trustworthiness.'" *Lovejoy-Wilson v. Noco Motor Fuels, Inc.*, 242 F. Supp. 2d 236, 242 (W.D.N.Y. 2003) (quoting Fed. R. Evid. 803(8)(C)) (other citations omitted); *see also Paolitto v. John Brown E. & C., Inc.*, 151 F.3d 60, 64 (2d Cir. 1999) (citing *Chandler v. Roudebush*, 425 U.S. 840, 863 n.39 (1976)). "The consideration, if any, to be given to EEOC findings is within the sound discretion of the trial judge." *Green v. Harris*

(continued...)

# III. DISCUSSION

## A. Standard of Review

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007). In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption of truth, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleading, the court may consider documents that are "integral" to that pleading, even if they are neither physically attached to, nor incorporated by reference into, the pleading. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," *see* Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to sho[w] that the pleader is entitled to relief," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted). Under this standard, the pleading's "[f]actual allegations must be enough to raise a right to relief above the speculative level," *see id.* at 555 (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570. "The plausibility standard is not akin to a 'probability

---

[3](...continued)
*Publ'ns, Inc.*, 331 F. Supp. 2d 180, 191 (S.D.N.Y. 2004). "However, 'the EEOC's findings are ordinarily entitled to great weight.'" *Edmonston v. MGM Grand Air, Inc.*, 808 F. Supp 197, 201 (E.D.N.Y. 1992) (quoting *Weise v. Syracuse University*, 552 F.2d 397, 413 (2d Cir. 1975)) (other citations omitted).

requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting [*Twombly*, 550 U.S.] at 557, 127 S. Ct. 1955). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed," *id.* at 570.

"The *Iqbal* plausibility standard applies in conjunction with employment discrimination pleading standards." *Gillman v. Inner City Broad. Corp.*, No. 08-CIV-8909, 2009 WL 3003244, \*3 (S.D.N.Y. Sept. 18, 2009). Employment discrimination claims need not contain specific facts establishing a *prima facie* case of discrimination, *see Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514-15 (2002); rather, an employment discrimination complaint "must include only a short and plain statement of the claim . . . [that] give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests," *id.* at 512 (quotation marks and citations omitted); *see also Patane v. Clark*, 508 F.3d 106, 113 (2d Cir. 2007) (applying *Swierkiewicz* to NYSHRL discrimination claims).

Despite this recent tightening of the standard for pleading a claim, complaints by *pro se* parties continue to be accorded more deference than those filed by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation omitted). As such, *Twombly* and *Iqbal* notwithstanding, this Court must continue to "'construe [the complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggests.'" *Weixel v. Bd. of Educ. of N.Y.*, 287 F.3d 138, 146 (2d Cir. 2002) (quotation omitted).

**B.    Plaintiff's Title VII Discrimination Claim**

Title VII of the 1964 Civil Rights Act makes it unlawful for an employer to "fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). In order to establish a *prima facie* case of discrimination under Title VII, a plaintiff must show that "(1) she is a member of a protected class; (2) she is qualified for her position; (3) she suffered an adverse employment action; and (4) the circumstances give rise to an inference of discrimination." *Weinstock v. Columbia Univ.*, 224 F.3d 33, 42 (2d Cir. 2000) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).

An adverse employment action includes any "materially adverse change in the terms and conditions of employment." *Galabya v. New York City Bd. of Educ.*, 202 F.3d 636, 640 (2d Cir. 2000) (quotation omitted). "To be 'materially adverse' a change in working conditions must be 'more disruptive than a mere inconvenience or an alteration of job responsibilities.'" *Id.* (quotation omitted). "A change that is 'materially adverse' could consist of, *inter alia*, 'a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices . . . unique to a particular situation." *Kassner v. 2nd Avenue Delicatessen Inc.*, 496 F.3d 229, 238 (2d Cir. 2007) (quoting *Galabya*, 202 F.3d at 640).

There is no question that Plaintiff has established the first two requirements provided above. Plaintiff meets the first prong because she is of African-American descent. *See* Dkt. No. 8 at 4. Defendant does not contend that Plaintiff was not qualified for her job, nor could they,

7

considering that she was hired for the position and held it for at least ten years.[4] Dkt. No. 1 at 6. However, the actions taken by Defendant, as described in Plaintiff's original and amended complaints, do not constitute an adverse employment action nor do they give rise to an inference of race discrimination.

Plaintiff's original and amended complaints allege that Defendant deviated from its typical procedure, as laid out in the Employee Handbook, to be followed when an item has been reported missing by a patient. *See* Dkt. No. 1 at 2, 4; Dkt. No. 8 at 2-4. However, "instructing [a] Plaintiff to appear for an interview, without more, cannot be construed as an adverse employment action for the purposes of Title VII." *Rozenfeld v. Dep't of Design & Constr.*, 875 F. Supp. 2d 189, 204 (E.D.N.Y. 2012), *aff'd*, 522 Fed. Appx. 46 (2d Cir. 2013).

Read liberally, Plaintiff's original and amended complaints allege that Plaintiff was subject to a higher level of scrutiny than other employees because the New Hartford Police Department was called in immediately, rather than having each staff member write a report indicating what they saw and where they were working when the item went missing. Dkt. No. 8 at 2. However, Plaintiff does not allege that she was subject to any unfavorable consequences once Inspector Sica determined that the ring Plaintiff was wearing was not the ring reported missing by Ms. Malinowski. Dkt. No. 1 at 2, 4; Dkt. No. 8 at 2-4; *see Scafidi v. Baldwin Union Free School Dist.*, 295 F. Supp. 2d 235, 239 (E.D.N.Y. 2003) ("To qualify as an adverse employment action, excessive scrutiny must be accompanied by unfavorable consequences") (citation omitted); *see also Uddin v. City of New York*, 427 F. Supp. 2d 414, 429 (S.D.N.Y. 2006) (stating that "courts in this circuit have found that . . . excessive scrutiny do[es] not constitute

---

[4] Plaintiff's original complaint states that she was an employee of Defendant for ten years, whereas her amended complaint states that she was an employee for fifteen years. *See* Dkt. No. 1 at 6; Dkt No. 8 at 1, 3.

8

adverse employment actions in the absence of other negative results such as a decrease in pay or being placed on probation") (quotation omitted); *Roff v. Low Surgical & Med. Supply, Inc.*, No. 03-CV-3655, 2004 WL 5544995, *7 (E.D.N.Y. May 11, 2004) ("plaintiff's allegation that her vehicle and personal belongings were searched also does not constitute an adverse employment action, as such conduct did not materially change the terms and conditions of her employment"). Plaintiff does not allege that she was subject to termination, demotion, or loss of wages, benefits, or title. Plaintiff's original and amended complaints fail to identify any adverse actions taken by Defendant after the interview by the New Hartford Police Department investigators on April 4, 2014.

Finally, Plaintiff failed to plausibly allege that the circumstances leading to her interview by Inspector Sica give rise to an inference of discrimination. To establish a discrimination claim under Title VII, in addition to the requirements set forth above, the "plaintiff must show that there were other similarly situated employees, outside of the protected class, who engaged in conduct substantially similar to that of plaintiff but received preferential treatment." *Vanhorne v. N.Y.C. Transit Auth.*, 273 F. Supp. 2d 209, 216 (E.D.N.Y. 2003) (citation omitted). Plaintiff's original and amended complaints allege that Plaintiff was treated differently than other employees in previous instances where an item was reported missing, but fail to state the race of the other employees in question, the value of the items reported missing, or whether any of the other employees were specifically identified by a patient as having taken the item.

Based on the foregoing, the Court finds that Plaintiff has failed to state a *prima facie* case of discrimination because she has failed to identify an adverse employment action taken by Defendant or circumstances giving rise to an inference of discrimination.

**C. Leave to amend**

9

As a general matter, "'the district court has discretion whether or not to grant leave to amend, and its decision is not subject to review on appeal except for abuse of discretion.'" *Shomo v. New York*, 374 Fed. Appx. 180, 182 (2d Cir. 2010) (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)). An opportunity to amend is not required where "the problem with [plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted). As the Second Circuit has explained, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). However, because "[a] *pro se* complaint is to be read liberally . . . the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might bet stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation and internal quotation marks omitted).

In the present matter, the Court already granted Plaintiff the right to amend and the amended complaint makes clear that any further amendment would be futile. In both her original and amended complaint, Plaintiff has failed to allege any facts plausibly suggesting that she suffered an adverse employment action, which is necessary to support her claim. As such, the Court finds that the problem with Plaintiff's complaint is substantive and dismisses Plaintiff's Title VII claim with prejudice.

**D.    Plaintiff's Breach of Contract Claim**

Application of supplemental jurisdiction is discretionary, and "it requires a balancing of the considerations of comity, fairness to the litigants, judicial economy, and the avoidance of needless decisions of state law." *Federman v. Empire Fire & Marine Ins. Co.*, 597 F.2d 798, 809 (2d Cir. 1979) (citation omitted). The Second Circuit has held that "'if [all] federal claims are

dismissed before trial . . . the state claims should be dismissed as well.'" *Castellano v. Bd. of Trustees*, 937 F.2d 752, 758 (2d Cir. 1991) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966)); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 & n.7 (1988) (enumerating several factors that courts should weigh in considering whether to exercise supplemental jurisdiction – "the values of judicial economy, convenience, fairness, and comity" – and suggesting that, "in the usual case in which all federal-law claims are eliminated before trial, the balance of [those] factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims").

In is unclear whether Plaintiff continued to pursue her breach of contract claim in her amended complaint. To the extent that Plaintiff is attempting to allege a breach of contract claim (or any other state-law claims), the Court declines to exercise supplemental jurisdiction over any such claims and dismisses them without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendant's motion to dismiss the amended complaint is **GRANTED** ; and the Court further

**ORDERS** that Plaintiff's discrimination claim pursuant to Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991 is **DISMISSED with prejudice**; and the Court further

**ORDERS** that Plaintiff's breach of contract claim is **DISMISSED without prejudice**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and close

this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules**.**

**IT IS SO ORDERED.**

Dated: June 22, 2016
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge